## Jageler v. Jageler

*Harry M. Sablosky,* for libellant.

CORSON, J., February 23, 1943.—In the present case the master sustains all the allegations of the libel but refuses the divorce because, first, respondent is a resi-

dent of Germany and therefore could not come to America to put in a defense, and, second, because the registered letter sent by the master to respondent in Germany could not be delivered.

Libellant, in his exceptions, simply contends that he is entitled to a divorce because he has admittedly complied with all the requirements of Pennsylvania law as well as the rules of this court applying to divorce, which become part of the divorce law of the Commonwealth. The Act of March 13, 1815, P. L. 150, allows service by publication and ex parte hearings in divorce proceedings. The earlier Pennsylvania cases held that divorce decrees against nonresidents could not be obtained in Pennsylvania unless personal service was made upon, or a general appearance entered for, the respondent. These cases were even subsequent to the Act of 1815, supra. Under The Divorce Law of May 2, 1929, P. L. 1237, however, the law seems to be that our courts have jurisdiction to grant decrees against nonresidents although service is had only by publication: Commonwealth v. Custer, 145 Pa. Superior Ct. 535, 546, 547 (1941) ; 1 Freedman, Law of Marriage and Divorce in Pennsylvania, §114.

In Nixon v. Nixon, 329 Pa. 256 (1938), Mr. Justice Kephart, speaking for the court said (p. 266) : "In so far as this State's courts are concerned, service in a divorce suit by publication after personal service has failed is due process: [Cases cited]."

Admittedly, in this case, service was had by publication. Rule 15 of our rules of court, paragraph 6, provides:

"In all cases notice of the first meeting before the Master, with copy of libellant's Interrogatories, shall be sent by the Master by registered letter, addressed to respondent, at least 15 days prior to said meeting."

The exhibit attached to the master's report shows the envelope apparently addressed to respondent's last known address, although such address has been cov-

ered over by the censor. Exhibit E attached to the master's report shows that the letter was returned to sender because it was addressed to a person in enemy or enemy-occupied country. The master states that he attempted to send the notice by registered mail as required by the rule of court but that such letter was refused by the postal authorities for the reason that such letter could not be delivered under wartime conditions.

The master makes all the necessary findings in favor of libellant but recommends that the proceedings be stayed until after the war. The case, however, cited by the master in support of his recommendation involves a case where the defendant had already appeared and where his counsel asked for a stay of proceedings because of the fact that he was unable to confer with his client for the purpose of presenting a defense. In the case cited by the master the judgment to be obtained was a personal judgment for money damages for the payment of which, if a judgment should be obtained, defendant had put up a bond. The present case involves no such personal judgment and involves the marital status of a person admittedly domiciled in our State. Admittedly, libellant has complied with, and done everything required under the laws of Pennsylvania to obtain this divorce.

In the recent United States Supreme Court case of Williams et al. v. North Carolina, 317 U. S. 287 (1942), which overruled the case of Haddock v. Haddock, 201 U. S. 562 (1906), the court said, inter alia, that a divorce action "is not a mere in personam action." Mr. Justice Douglas, speaking for the court, also said: "Each state as a sovereign has a rightful and legitimate concern in the marital status of persons domiciled within its borders." The court further says: "Thus it is plain that each state, by virtue of its command over its domiciliaries and its large interest in the institution of marriage, can alter within its own borders the

marriage status of the spouse domiciled there, even though the other spouse is absent. There is no constitutional barrier if the form and nature of the substituted service . . . meet the requirements of due process." Pennsylvania has held that service by publication is due process: Nixon v. Nixon, supra. If this were not so we would be forced to refuse the divorce in every case where the master's letter, under rule 15, is returned because for some reason it cannot be delivered to the addressee. We grant many divorces under such circumstances without granting a stay until the letter can be delivered, and certainly we should not grant greater consideration to a respondent merely because she happens to be a resident of a country with which we are at war.

And now, February 23, 1943, for the reasons given, libellant's exceptions to the master's eighth conclusion of law and recommendation are sustained; the stay is refused; and the court having read and considered the testimony taken before the master, together with the report of the proceedings before him, doth now order, decree, and adjudge that the said Karl Albert Friedrich Jageler, also known as Carl Albert Frederick Jaegeler, libellant, be divorced and separated from the bonds of matrimony contracted with the said Erna Marie Auguste Holze Grotewahl Jageler and that all and every the duties, rights, claims, and privileges accruing to either of said parties by reason of said marriage shall henceforth cease and determine, and the said parties be severally at liberty to marry again in like manner as if they had never been married.